IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:15-cv-852-MHT-GMB |
| | ) |
| STATE DEPARTMENT OF EDUCATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 17, 2015, this *pro se* action was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636(b)(1). Doc. 3. Because Plaintiff Lisa Hill has moved for leave to proceed without prepayment of fees (Doc. 2), the court must review her complaint under the provisions of 28 U.S.C. § 1915(e)(2). That statute instructs the court to dismiss any action where it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the pleadings and the relevant case law, the undersigned recommends that Hill's case be DISMISSED prior to service of process pursuant to § 1915(e)(2)(B)(i).

**I. BACKGROUND**

On November 13, 2015, Hill filed a complaint against Defendants the Alabama Department of Education ("DOE"); Tommy Bice, Superintendent of DOE; Vera Guttler,

Accounting Manager for DOE; Lynn Shows, Comptroller for DOE; Angela Abernathy, Senior Accountant for DOE; Deondra Bell, Senior Accountant for DOE; Amanda Judy, Staff Accountant for DOE; Belinda Cooley, Human Resources Specialist for DOE; David Hall, Senior Accountant for the State of Alabama; and unidentified "superiors of defendants."[1] Doc. 1. Hill amended her complaint on May 12, 2016,[2] and now asserts claims for assault (Count I); conspiracy to commit assault (Count II); intentional infliction of emotional distress (Count III); invasion of privacy (Count IV); violations of her First Amendment rights (Count V); "human rights" violations (Count VI); and negligent, wanton, reckless and intentional misconduct (Count VII). Doc. 10. Hill asserts these claims against all of the same defendants named in her original complaint except Cooley.[3] Doc. 10.

While a cursory review of Hill's amended complaint might indicate that some of her allegations have facial plausibility, a closer look at the amended complaint shows that any plausibility is strictly superficial. Indeed, the underlying factual predicate for all of

---

[1] Shortly after filing her original complaint, Hill also filed a document entitled "Additional Pleadings." Doc. 8. This document was stricken from the record, however, for failure to comply with the Federal Rules of Civil Procedure and the court's local rules and general standing orders. Doc. 12.

[2] In addition to amending her complaint in this lawsuit, on May 12, 2016, Hill filed an entirely new lawsuit against the same defendants with a complaint that is identical to the amended complaint here. *Compare Hill v. State Department of Education, et al.*, 2:15-cv-852-MHT-GMB, *with Hill v. Alabama State Department of Education, et al.*, 2:16-cv-342-MHT-GMB. Because of the identical nature of the complaints in these two cases, the court consolidated them by order dated November 8, 2016. Doc. 8. The instant case is designated as the "lead" case, Doc. 8, and this recommendation is applicable to the actions as consolidated.

[3] Although the style of Hill's amended complaint names "Alabama State Department of Education" as a defendant, the "parties" section of her amended complaint does not identify DOE as an actual party. *See* Doc. 10. Nevertheless, since Hill is proceeding in this matter *pro se*, the court will liberally interpret her amended complaint to include claims against DOE. Hill's amended complaint also names as defendants "Fictitious Defendants A-B," despite the fact that fictitious-party pleading is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."). Thus, the court recommends that Fictitious Defendants A-B be dismissed without prejudice from the lawsuit.

Hill's claims is her belief that her co-workers at DOE intentionally and maliciously conspired with unnamed individuals to poison and to torture her by surreptitiously distributing carbon monoxide gas into her work space during her employment with DOE, all in retaliation for Hill's complaints to management about her supervisors. Doc. 10.

More specifically, Hill alleges that her co-workers, Judy, Bell, and Abernathy, allowed two unidentified individuals to "secretly enter into their areas, hide under their desks and cubicles to extend tubing like objects to distribute carbon monoxide exclusively to my seating area." Doc. 10 at ¶ 28.  Hill claims she was also "being electrocuted" at work. Doc. 10 at ¶ 28.  Hill apparently began video recording her co-workers and claims the footage shows the two unidentified individuals who were trying to poison her as they entered her work space. Doc. 10 at ¶ 28.  Hill's vision and hearing would allegedly "go in and out" at work because "carbon monoxide was utilized in a chemical weapon manner to cause discomfort in additional to other illness," such as "internal bleeding." Doc. 10 at ¶ 29.  Hill's co-workers also "sprayed some type of unknown coughing, breathing taking substance" in her work area, and they also hung fake insects from the ceiling in her unit. Doc. 10 at ¶¶ 32, 40.  Hill alleges that she complained about her co-workers' misconduct to her supervisors, but because her supervisors were complicit with her co-workers, they condoned her co-workers' misconduct and disciplined, harassed, and "tortured" her instead. Doc. 10 at ¶¶ 27–64. Hill also claims that her co-workers stole personal items from her desk, discussed her "personal information," and tampered with her medical chart at her last doctor's visit. Doc. ¶¶ 45–48.  Hill eventually became so afraid to come to her office that she resigned

on May 13, 2015. Doc. 10 at ¶ 33.  Hill seeks declaratory and injunctive relief; compensatory, punitive, and treble damages; attorneys' fees (even though she is representing herself); and a court order directing that a criminal investigation be conducted on the defendants. Doc. 10.

## II.  DISCUSSION

Under 28 U.S.C. § 1915(e), a district court may dismiss the complaint of a party proceeding *in forma pauperis* if the court determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissals on this ground should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations that are clearly baseless." *Royster v. Morgan*, No. 2010 WL 3002091, at *1 (N.D. Fla. May 10, 2010) (internal quotations and citations omitted).

After thoroughly reviewing the allegations in Hill's amended complaint, the court concludes that her claims are due to be dismissed because they "rely on factual allegations that are clearly baseless." *Id.*  Indeed, Hill's claims, which all stem from her belief that her co-workers are trying to poison her, "describe 'fantastic or delusional scenarios' that qualify as frivolous claims within the meaning of the *in forma pauperis* statute." *Arledge v. Bush*, 2006 WL 2460742, at *3 (S.D. Ga. Aug. 23, 2006) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)) (dismissing *pro se* plaintiff's lawsuit as frivolous under § 1915 when her claims consisted of allegations that she was being spied upon, raped, and tortured; that details of her private life were being discussed on the radio

4

and television; and that chips and wires were implanted into her head); *Espinosa v. U.S. Gov't*, 2013 WL 624132, at *1 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted*, 2013 WL 624125 (M.D. Fla. Feb. 20, 2013) ("Notably, an action is frivolous where the allegations are clearly baseless, fanciful, fantastic, delusional, or it lacks an arguable basis in law or fact.") (internal quotations omitted).

While Hill is entitled to a liberal review of her pleadings as a *pro se* plaintiff, this deference does not compel the court to legitimize allegations that are plainly delusional. *Denton*, 504 at 32–33; *see Porter v. Gov. of Fla.*, 2016 WL 4039658, at *1 (11th Cir. July 28, 2016) (recognizing that, while the facts in a *pro se* plaintiff's complaint could be characterized as stating a claim under § 1983, when taken as true, the claims were ultimately due to be dismissed as frivolous because they were based on fanciful and delusional allegations). Because Hill's allegations do not state claims that have an arguable basis either in law or fact, they are due to be dismissed as frivolous.[4]

### III. CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **December 1, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and

---

[4] Moreover, any amendment would be futile because Hill's amended complaint would still be subject to dismissal. *Sadiq v. Weller*, 610 F. App'x 964 (11th Cir. 2015) (noting that "an opportunity to amend need not be given if amendment would be futile").

recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of November, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE