IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LISA HILL,                              )<br>                                         )<br>    Plaintiff,                          )<br>                                         )<br>    v.                                   )<br>                                         )<br>ALABAMA STATE DEPARTMENT    )<br>OF EDUCATION, et al.,               )<br>                                         )<br>    Defendants.                       ) | CIVIL ACTION NO.<br>2:15cv852-MHT<br>(WO) |

| | |
|---|---|
| LISA HILL,                              )<br>                                         )<br>    Plaintiff,                          )<br>                                         )<br>    v.                                   )<br>                                         )<br>ALABAMA STATE DEPARTMENT    )<br>OF EDUCATION, et al.,               )<br>                                         )<br>    Defendants.                       ) | CIVIL ACTION NO.<br>2:16cv342-MHT<br>(WO) |

OPINION

Plaintiff, a former employee of the Alabama Department of Education, filed this lawsuit complaining that during her employment her coworkers intentionally exposed her to carbon monoxide, took personal items

from her office, discussed her personal information, and generally harassed her, and that she was retaliated against for complaining about it.  She brings state-law claims for assault, conspiracy to commit assault, intentional infliction of emotional distress, invasion of privacy, negligence, and other related claims.  She also brings a federal claim for violation of the First Amendment, based on her retaliation allegations.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed.  Also before the court are plaintiff's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted and the case dismissed, but for the reason that, even if the court views the facts in the manner plaintiff requests in her objections, plaintiff's complaint fails to state any viable federal claim.

Plaintiff has not brought a viable First Amendment claim because her complaints to her supervisors about her own working conditions were not statements about matters of public concern.  See Connick v. Myers, 461 U.S. 138, 147 (1983) ("We hold . . . that when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."); see also Morgan v. Ford, 6 F.3d 750, 755 (11th Cir. 1993) (holding that a public employee's complaints about sexual harassment did not constitute a matter of public interest where she "primarily spoke as an employee in order to improve her work environment").

As there is no viable federal claim, and the statute of limitations for plaintiff's state-law claims has not expired, see Ala. Code 1975 § 6-2-38 (providing

for two-year statute of limitations for personal injury cases), the court declines to exercise jurisdiction over plaintiff's state-law claims.  Plaintiff is free to pursue those claims in state court.

An appropriate judgment will be entered.

DONE, this the 13th day of January, 2017.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**